United States District Court
Southern District of Texas
ENTERED
August 24, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHANIEL JONES, III, (TDCJ #01666292), | § | |
| *Petitioner*, | § | |
| vs. | § | CIVIL ACTION NO. H-26-6296 |
| ERIC GUERRERO, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Nathaniel Jones, III, (TDCJ #01666292), is currently incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division. Proceeding *pro se*, he filed a "Motion for Order to Show Cause" in a civil-rights action pending in the Eastern District of Texas. *See Jones v. Spurlock, et al.*, No. 9:25-cv-305 (E.D. Tex.) at Dkt 29. The Eastern District determined that the claims made in the motion were substantively in the nature of a challenge to Jones's underlying state-court criminal convictions, which claims could only be raised in a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at Dkt. 31. It thus severed the motion into a separate action and then transferred the new action to the Houston Division of the Southern District of Texas, where Jones's underlying criminal convictions had been entered. *See Jones v. Guerrero*, No. 9:26-cv-501

(E.D. Tex.) at Dkt. 5. Having now considering Jones's motion, the relief sought, all matters of record, and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the Court dismisses this action for the reasons explained below.

## I. BACKGROUND

Publicly available records show that Jones was convicted in September 2010 of one count of murder in Harris County Cause Number 1267896 and one count of aggravated assault with a deadly weapon in Harris County Cause Number 1267897. *See* Harris County District Clerk, available at www.hcdistrictclerk.com (last visited Aug. 24, 2026). In the pending motion, Jones specifically challenges the validity of those convictions, raising claims of district court error in ruling on his prior habeas petition, trial court error in the admission of certain evidence, and prosecutorial misconduct during the course of the state-court proceedings. (Dkt. 2, pp. 2–22).

Jones admits in his motion that he previously filed a federal habeas petition attacking the same convictions. (*Id.* at 3). And court records show that Jones filed a habeas petition in 2013 challenging the convictions in Cause Numbers 1267896 and 1267897. *See Jones v. Stephens*, No. 4:13-cv-2886 (S.D. Tex. Mar. 27, 2015). That petition was dismissed on the merits in 2015. *Id.* at Dkts. 70, 71. The Fifth Circuit considered Jones's appeal of that ruling and denied relief. *See Jones v. Davis*, Appeal No. 15-20224 (5th Cir. May 6, 2016).

Jones's current motion again challenges the validity of his convictions and sentences in Cause Numbers 1267896 and 1267897. (Dkt. 2). He also challenges the district court's ruling on the earlier habeas petition.

## II. DISCUSSION

As mentioned above, Jones proceeds here *pro se*. The filings of a *pro se* litigant are entitled to the benefit of liberal construction. *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011). Courts therefore consider the substance of the relief sought in a *pro se* pleading, rather than the label attached to it, when determining the nature and effect of the pleading. *Id.*; *see also Edwards v. City of Houston*, 78 F.3d 983, 985 (5th Cir. 1996) (en banc). Jones's motion directly challenges the validity of his underlying state-court criminal convictions. Therefore, regardless of the label he has attached to the pleading, it is properly considered as a petition for writ of habeas corpus under § 2254.

With that characterization in mind, Jones's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254; *see also Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). "Under AEDPA, a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010)). However, to file a second or successive petition, the petitioner "must first obtain leave from

the court of appeals based on a 'prima facie showing' that his petition satisfies [AEDPA]'s gatekeeping requirements." *Id.* A prisoner may not bring claims "presented in a prior application," 28 U.S.C. § 2244(b)(1), and "may bring a new claim only . . . if [the petition] relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Banister*, 590 U.S. at 509 (citing 28 U.S.C. § 2244(b)(2)). A district court cannot consider any claim, even a new one, in a second or successive petition without an order from the court of appeals authorizing the district court to do so. *See* § 2244(b)(3)(A). Absent such authorization, the action must be dismissed for lack of jurisdiction.

Because Jones challenged the same convictions in a previous federal habeas corpus petition, his current petition is successive under 28 U.S.C. § 2244(b), and he must seek authorization from the Fifth Circuit before this Court may consider it. *See* 28 U.S.C. § 2244(b)(3)(A). This Court has no record of an order from the Fifth Circuit authorizing Jones to file a successive petition, and Jones has not alerted the Court to the existence of such an order. Because Jones has not obtained such authorization, his petition must be dismissed as successive.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322,

335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

Because Jones has not shown that reasonable jurists would find the Court's resolution of the constitutional issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Jones's "motion for order to show cause" is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 and is **DISMISSED without prejudice** as successive. (Dkt. 2).

2. Any pending motions are **DENIED as moot.**

3. A certificate of appealability is **DENIED.**

The Clerk shall also send a copy of this Order to the petitioner.

SIGNED at Houston, Texas, on Aug 24, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE